(101 App. Div. 213)

## FERGUSON v. BUCKELL.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. QUALIFICATIONS OF WITNESS—DAMAGES TO LAND.

A witness whose only knowledge of the value of land is knowledge of the value of his wife's land and and one other parcel is not qualified to swear to the difference in the value of a piece of land with and without shade trees along the highway.

2. TRESPASS ON LAND—DAMAGES—SUFFICIENCY OF EVIDENCE.

In an action for trespass on land in cutting trees along the highway, where one witness, who was not qualified to testify as to the value of land, testified that the damages were $2,500, and the only other testimony showed the damages not to exceed $15, a finding of $200 damages is without support.

Appeal from Judgment on Report of Referee.

Action for trespass on land by Mary J. Ferguson against Henry W. Buckell. From a judgment for plaintiff, defendant appeals. Reversed.

The plaintiff is the owner of 160 acres of land upon the shore of Lake George. Through this land runs a highway which divides the farm about evenly. Upon the west of the highway about 15 acres of land is cleared, running down to the lake front, upon which were three houses. Upon the east of the highway were 80 acres entirely covered with timber. The claim of the plaintiff is that the defendant wrongfully cut timber upon this lot east of the highway, and so near the roadway as to take away the shade from the roadway, thereby diminishing the value of her premises. This claim the referee has sustained, and has found that the plaintiff's premises have been injured to the amount of $200, which sum has been trebled under authority of the statute, giving the plaintiff a judgment for $600 damages, besides costs. From this judgment, under the report of the referee, the defendant has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

William Sears, for appellant.
J. Sanford Potter, for respondent.

SMITH, J. The only witness sworn by the plaintiff as to damage was the husband of the plaintiff. Upon an objection as to his competency to give evidence upon that subject he was allowed to swear that the value of the premises had been diminished in the amount of $2,500. In swearing to his qualifications to testify to value he says:

"I have been acquainted with the value of real estate only since I went there and bought this property. My acquaintance began when I commenced negotiations for this property. I am acquainted with the value of real estate in that vicinity. The holding price of Knowlton's property is $10,000. I can't say that I know the value of similar property in that vicinity along the lake shore beyond Knowlton's property and mine. Q. State what in your opinion the market value of your property was with these trees in there as

they were in 1901, and also without the trees as it was in 1902. (Objected to as incompetent, the witness not qualified, not shown that he knows the values, and as speculative. Overruled. Exception.) A. With the trees as it was I should say it was worth $10,000, and without the trees not over $7,500."

The objection taken to the evidence of value given by plaintiff's husband should have been sustained. There is nothing in the evidence to show that this place has a market value as a summer residence. Ordinarily the measure of damages to forest land by the cutting of merchantable timber is the market value of the timber cut. Where there is a market for summer homes the market value of such a home may be impaired beyond the market value of the timber cut by the impairment of a shaded approach through the cutting of shade trees. Until such a market is shown evidence of injury through destruction of shade in a public road is at least of doubtful competency. If such evidence be competent, the plaintiff was not shown competent to give it. His only qualification was the knowledge of the value of his wife's place and one other. This knowledge comes far short of qualifying him to swear to the difference in the value of her place with and without the shade. This evidence has been largely disregarded by the referee, who found the damage at $200 instead of $2,500, as sworn to by the witness. But this is the only evidence upon which that finding can rest. Under any other evidence of damage the referee could not have found more than $15 damage.

The evidence, if competent, in my judgment offers frail support for the finding. It is quite clear that not all of the trees that were taken within 500 feet of the roadway, and which are claimed to have been unlawfully taken, were taken by the defendant's servants. J. W. Holcomb was the caretaker of the plaintiff as well as the servant of the defendant, and, while the referee may have found as against his evidence that what cutting he did of trees near the highway was without plaintiff's authority, nevertheless a considerable part of the wood was cut by Holcomb and sold for fire wood, for which he accounted to plaintiff. For that the defendant could not be held liable.

The judgment must, therefore, on the law and the facts, be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.